IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CENTER CAPITAL CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>BUSINESSJET LEASING, INC., D&D AVIATION L.C., RICHARD a. HOPKINS, and LYNDA J. HOPKINS,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER AUTHORIZING EX PARTE PREJUDGMENT WRIT OF REPLEVIN, NOTICE OF HEARING, AND REQUIRING SERVICE ON DEFENDANTS AND PARTIES CLAIMING AN INTEREST<br><br><br><br><br>Case No. 2:09-CV-406 TS |

    Plaintiff seeks an Ex Parte Prejudgment Writ of Replevin on the following property of defendants BusinessJet Leasing, Inc., D&D Aviation, Inc., Richard A. Hopkins, and Lynda J. Hopkins, that is described below and which may be found in Salt Lake County, Utah, at the Salt Lake City Jet Center, 369 North 2370 West, Salt Lake City, Utah.  That property is described as follows:

    Aircraft Make and Model: (1) 1980 Gates Learjet Model 35A
    United States Registration Number: N777DM
    Aircraft Manufacturer's Serial Number: 297
    Engine Make and Model (Left): Garrett, Model TFE-731-2-2C

1

      Engine Manufacturer Serial Number (Left): P74800
      Engine Make and Model (Right): Garrett, Model TFE-731-2-2C
      Engine Manufacturer Serial Number (Right): P74803: and
      All log books related to the foregoing aircraft, airframe and engines.

The Court finds that Plaintiff has shown all of the requirements for the issuance of an Ex Parte Prejudgment Writ of Replevin for property, as required by Utah Rules of Civil Procedure 64, 64A, and 64B; as made applicable by Fed. R. Civ. P. 64, including the following: the aircraft is not earnings or exempt from execution; the writ is not sought to hinder or delay a creditor; Plaintiff has a substantial likelihood of prevailing on the merits of its underlying claim; Plaintiff has a special interest in the property; there is probable cause that Plaintiff may lose its remedy unless the Court issues the writ due to the fact that the aircraft is highly mobile and defendants have failed to make any payment since December, 2008.  Plaintiff's supporting affidavit sets forth grounds for the issuance of the writ ex parte including that it likely will be irreparably injured if it is required to give notice before issuance of the writ because the aircraft is highly mobile and is not currently insured.  It is therefore

ORDERED that Plaintiff's Ex Parte Motion for Issuance of an Ex Parte Prejudgment Writ of Attachment is GRANTED.  It is further

ORDERED that Plaintiff shall serve the Ex Parte Motion and Memorandum for Writ of Replevin, the supporting Affidavit, the Ex Parte Prejudgment Writ of Replevin, notice of exemptions, and this Order on Defendants and on all parties claiming an interest in the Aircraft as listed in paragraph 38 of the Affidavit, by personal service as soon as possible. If personal service is not possible, Plaintiff shall file an affidavit setting forth its efforts at service no later than 5:00 p.m. on May 20, 2009.  It is further

**ORDERED that the hearing on the Ex Parte Prejudgment Writ of Replevin shall be held on Thursday, May 21, 2009, at 10:00 a.m. in Room 142, in the Frank E. Moss Federal Courthouse, 350 South Main Street, Salt Lake City, Utah 84101.**  It is further

ORDERED that the only issues at said hearing shall be the continuation of the Ex Parte Prejudgment Writ of Attachment and, if so, whether surety should be required.  It is further

ORDERED that unless extended by Order of this Court after hearing, or by consent of the Defendants, the Ex Parte Prejudgment Writ of Replevin shall expire no later than 5:00 p.m. on May 22, 2009.   It is further

ORDERED that the Ex Parte Prejudgment Writ of Replevin is issued and effective beginning at 3:30 p.m. on May 12, 2009.

DATED   May 12, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge