IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CENTER CAPITAL CORP., <br><br> Plaintiff, <br><br><br> vs. <br><br><br> BUSINESSJET LEASING, INC., et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' RULE 56(F) MOTION AS MOOT <br><br><br><br> Case No. 2:09-CV-406 TS |

Plaintiff Center Capital moves for summary judgment against Defendants D&D, Richard Hopkins and Lynda Hopkins (Hopkins Defendants) on their Continuing Guaranties of Defendant BusinessJet Leasing's Aviation Security Agreement.  Default judgment has previously been entered against BusinessJet.

The Hopkins Defendants oppose summary judgment contending there are material issues of fact.  They also seek additional discovery under Fed. R. Civ. P. 56(f).

Summary judgment is appropriate "if the pleadings, the discovery . . . materials and any affidavits show that there is no genuine issue as to any material fact and that the

1

movant is entitled to a judgment as a matter of law."[1]  The Court reviews "the entire record on summary judgment . . . in the light most favorable to the party opposing summary judgment."[2]  "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way and is 'material' when 'it is essential to the proper disposition of the claim.'"[3]  "As to materiality, the substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."[4]

In the present case, the Court finds there are material issues of fact, including but not limited to the amount of the debt and the manufacturing year of the airplane.

In its Motion for Summary Judgment, Plaintiff also requests that the affirmative defenses of failure to state a claim, waiver, and estoppel be stricken because they are not sufficiently pleaded.  The Hopkins Defendants oppose striking the defenses because they are required to raise them in responsive pleadings, but have not yet had an opportunity to conduct the discovery necessary to more particularly plead such defenses.

---

[1] Fed. R. Civ. P. 56(c).

[2] *Durham v. Herbert Olbrich GMBH & Co.*, 404 F.3d 1249, 1250 (10th Cir. 2005) (citing *Riley v. Brown & Root, Inc.,* 896 F.2d 474, 476 (10th Cir. 1990)).

[3] *Haynes v. Level 3 Commc's, LLC,* 456 F.3d 1215, 1219 (10th Cir. 2006) (quoting *Bennett v. Quark, Inc.*, 258 F.3d 1220, 1224 (10th Cir. 2001)).

[4] *Bartell v. Aurora Pub. Schs/,* 263 F.3d 1143, 1146 (10th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) *overruled on other grounds by Pignanellit v. Pueblo Sch. Dist. No. 60*, 540 F.3d 1213, 1222 (10th Cir. 2008).

The Court notes that the affirmative defenses are not adequately pleaded at this time, but in view of the request for discovery, will not strike them at this time.

It is therefore

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 24) is DENIED without prejudice.  It is further

ORDERED that the Hopkins Defendants' Motion for Rule 56(f) Discovery (Docket No. 29) is DENIED as moot.  It is further

ORDERED that pursuant to this Court's standard policy, this case will be referred for a settlement conference by a separate order.

DATED   October 9, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge