IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CENTER CAPITAL CORP., <br><br> Plaintiff, <br><br> vs. <br><br> BUSINESSJET LEASING, INC., et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT <br><br> Case No. 2:09-CV-406 TS |

Plaintiff Center Capital moves for a default judgment against defendant BusinessJet Leasing. A Default Certificate for BusinessJet Leasing was entered on October 16, 2009. BusinessJet Leasing has not responded to the Motion.

Three other Defendants, guarantors of BusinessJet Leasing's debt to Plaintiff, have filed answers. The Court recently denied summary judgment as to those Defendants on the ground that there were material issues of fact, including the amount of the debt.[1]

---

[1] Docket No. 35 at 2 (also finding there is a material issue of fact on the manufacturing year of the airplane).

1

The Court finds that entry of a default judgment against BusinessJet at this time would result in judgment that is not a final order. Federal Rule of Civil Procedure 54(b) provides:

> When more than one claim for relief is presented in an action, . . . ., or <u>when multiple parties are involved</u>, the court may direct the entry of a final judgment as to one or more <u>but fewer than all of the</u> . . . <u>parties</u> only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

"If the judgment does not dispose of all claims among all the parties, . . ., it can be made final only by an express direction for the entry of judgment under . . . Rule 54(b)."[2] If a judgment is not a final order, it "can be revised at any time before the entry of a judgment adjudicating all the claim and all of the parties' rights and liabilities."[3] As discussed above, there are still two remaining Defendants in this case. Those defendants contest the amount of the debt. Plaintiff's Motion for a Default Judgment is not accompanied by a memorandum, contains a proffer of the basis for entry of judgment, but does not seek a Rule 54(b) certification.

The Court finds that Plaintiff's claims against defaulting Defendant BusinessJet and against the remaining guaranty Defendants are based on the identical debt. Thus, the claims against all of the Defendants are closely interrelated. It appears that this case is ready for trial and such trial will resolve the disputed issue of the amount of the guaranteed

---

[2] 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3914.5, at 525 (3d ed. 2005).

[3] Fed. R. Civ. P. 54(b).

2

debt—the same debt owed by the defaulted defendant. The Court finds that entry of the requested non-final default judgment against BusinessJet Leasing at this time would likely result in confusion and inefficiency because such default judgment could be revised at any time up through the time of the entry of final judgment resolving all claims against all Defendants herein. Further, where the Defendants have closely related defenses—in this case, the amount of the debt—the better practice is to have the entry of the final appealable judgment wait until an adjudication of the amount of the liability of the non-defaulting defendants.[4]

In closing, the Court notes that the Magistrate Judge required the parties to submit a new scheduling order, and it appears that such submission is overdue.[5] It is therefore

ORDERED that Plaintiff's Amended Motion for a Default Judgment against BusinessJet Leasing (Docket No. 41) is DENIED without prejudice. It is further

---

[4] Wright & Miller, *supra* § 2690.

[5] *See* Docket No. 54.

ORDERED that within seven days of the entry of this Order, counsel shall submit the required stipulated scheduling order. Counsel shall jointly contact the undersigned's chambers to obtain a firm trial date for inclusion in their stipulated scheduling order.

DATED   May 6, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge